1    WO

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

9    Mario Ney Vogado Vieira,                    No.  CV-19-05112-PHX-DWL (JZB)

10                      Petitioner,

11   v.                                           **ORDER**

12   Kevin McAleenan, et al.,

13                      Respondents.

Petitioner Mario Ney Vogado Vieira has filed, through counsel, a "Petition for Writs of Habeas Corpus; Writ of Mandamus, and Review of Final Agency Action" (Doc. 1) and a Motion for Temporary Restraining Order (Doc. 2).  For the reasons that follow, the Petition will be dismissed and the Motion will be denied as moot.

**I.    Background**

Petitioner is a native and citizen of Brazil.  On May 28, 2019, he entered the United States near Itak, Arizona, and was apprehended by the United States Department of Homeland Security ("DHS"), Customs and Border Protection.  Petitioner expressed a fear of persecution or torture if returned to Brazil and was detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona for a credible fear determination.  (Doc. 1 ¶ 1.)  An asylum officer determined that Petitioner did not have a credible fear of persecution or torture, and on August 7, 2019, an Immigration Judge affirmed that determination.  (*Id.* ¶¶ 3-4, 18.)  Petitioner states "[t]he case is currently pending with USCIS [United States Citizenship and Immigration Services] based on a motion to reconsider that he has filed

with the asylum office." (*Id.* ¶ 18.)

On August 22, 2019, Petitioner's spouse filed an Application for T Nonimmigrant Status (Form I-914) along with an Application for a Family Member T-1 Recipient (Form I-914, Supplement A) that lists Petitioner as the named beneficiary. (Doc. 1-3 at 1-4.)[1]

In anticipation of his spouse's filing of those applications, Petitioner filed an application to stay his removal with United States Immigration and Customs Enforcement ("ICE") stating that his "wife is in the process of obtaining a T-visa. After she receives her visa, [Petitioner] will be eligible to gain status through his wife." (Doc. 1-3 at 11.) On August 22, 2019, Petitioner's stay application was denied. (Doc. 1-3 at 12.)

## II.    Petition and Motion

On September 8, 2019, Petitioner filed the "Petition for Writs of Habeas Corpus; Writ of Mandamus, and Review of Final Agency Action" and Motion for Temporary Restraining Order. In the Petition, Petitioner names Acting DHS Secretary Kevin McAleenan, Acting USCIS Director Kenneth Cuccinelli, United States Attorney General William Barr, and Acting ICE Phoenix Field Office Director Albert Carter as Respondents. He contends the Court has jurisdiction under 28 U.S.C. §§ 1331, 1361, 2201, and 2241 and the Administrative Procedures Act ("APA"). (Doc. 1 ¶ 10.)

In Ground One, Petitioner contends that his "deportation . . . to Brazil would be a violation of the Immigration and Nationality Act, the Due Process and Suspension Clauses of the United States Constitution, and . . . fundamental human rights recognized under international law." (Doc. 1 ¶ 25.)

In Ground Two, Petitioner contends that "[p]rior to his removal to Brazil, [he] is entitled to an opportunity to have his T nonimmigrant status application adjudicated. His rights have been violated under the Immigration and Nationality Act, the United States Constitution's Due Process and Suspension Clauses, and . . . international law regarding

---

[1]    *See* 8 C.F.R. § 214.11(k)(1) ("[A]n alien who has applied for or has been granted T-1 nonimmigrant status (principal alien) may apply for the admission of an eligible family member, who is otherwise admissible to the United States, in derivative T nonimmigrant status if accompanying or following to join the principal alien.").

immigration law." (Doc. 1 ¶ 26.)

In Ground Three, Petitioner contends that his "continued detention . . . would violate due process and the [I]mmigration and [N]ationality [A]ct." (Doc. 1 ¶ 27.)

Petitioner asks the Court to: (1) declare that his removal from the United States would "violate[] the Immigration and Nationality Act and the United States Constitution and international law" (Doc. 1 at 6); (2) order "Respondents to release Petitioner from detention during the pendency of his T nonimmigrant status application" (*id.*); (3) issue a writ of mandamus requiring Respondents to provide him "an individualized determination whether Petitioner should be granted derivative T nonimmigrant status" prior to removing him from the United States (*id.*); and (4) enjoin Respondents "from removing [him] from the jurisdiction of this court during the pendency of these proceedings" (Doc. 2 at 1).

## III. Discussion

### A. Review Under 28 U.S.C. § 2241

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). "The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention." *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012)*. See also Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Allen v. McCurry*, 449 U.S. 90, 98 n.12 (1980). However, habeas corpus review is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9), or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)). But, "the extent of the Government's detention authority is not a matter of 'discretionary judgment,' 'action,' or 'decision.'" *Jennings v. Rodriguez*, ___ U.S. ___, 138 S. Ct. 830, 841 (2018). *See also*

*Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). Thus, "challenges to the statutory framework that permits the alien's detention without bail," *Jennings*, 138 S. Ct. at 841, "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford,* 646 F.3d 1157, 1160 (9th Cir. 2011), and "claims that the discretionary process itself was constitutionally flawed are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.'" *Singh v. Holder,* 638 F.3d 1196, 1202 (9th Cir. 2011) (quoting *Gutierrez-Chavez v. INS*, 298 F.3d 824, 829 (9th Cir. 2002)).

### B.     Grounds One and Two

In Grounds One and Two of the Petition, Petitioner argues that Respondents shouldn't be allowed to remove him before the adjudication of his spouse's visa application.

The Court lacks jurisdiction to entertain these claims for two reasons. First, the Court lacks jurisdiction under 8 U.S.C. § 1252(a)(5), which was enacted in 2005 as part of the REAL ID Act. Section 1252(a)(5) provides, in relevant part, that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . . [T]he terms 'judicial review' and 'jurisdiction to review' include habeas corpus review." This provision encompasses "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." *See* 8 U.S.C. § 1252(b)(9). In short, the REAL ID Act "makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal." *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005). *See also Mamigonian v. Biggs*, 710 F.3d 936, 941 (9th Cir. 2013) ("[T]he REAL ID Act precludes aliens . . . from seeking habeas relief over final orders of removal in district courts.").

Here, Petitioner argues that section 1252(a)(5) is inapplicable "because his T-Visa application is not inextricably linked to the validity of his removal order." (Doc. 2 at 3-4.) This argument is unavailing. At bottom, the claims and theories asserted in Grounds One

and Two of the Petition "aris[e] from any action taken or proceeding brought to remove an alien from the United States." *See* 8 U.S.C. § 1252(b)(9). As a result, the Court lacks jurisdiction to consider them. *See, e.g., Ma v. Holder*, 860 F. Supp. 2d 1048, 1050, 1060-62 (N.D. Cal. 2012) (dismissing habeas petition, where petitioner sought "a stay of deportation during the BIA's adjudication of her motion to reopen," and concluding that "no matter how Petitioner frames the argument in this case, the petition is one that seeks to halt a final order of removal. Such relief strips this Court of jurisdiction—barring it from exercising judicial review of the habeas petition."); *Rosales v. Aitken*, 2011 WL 4412654, *3 (N.D. Cal. 2011) ("In this case, Petitioner seeks an order staying his removal and directing Respondents to adjudicate the motion to reopen. It is clear, regardless of how Petitioner frames this motion, that Petitioner seeks to 'halt the execution of the final orders of removal' arising from a proceeding brought in connection with Petitioner's removal, and therefore this Court lacks jurisdiction over this case. While this Court recognizes that it may have jurisdiction to hear petitions arising out of proceedings other than removal proceedings, it finds that here, Plaintiff clearly seeks this Court to review a final order for removal, which it may not do."). *See generally Em v. Whitaker*, 2018 WL 6663437, *4-5 (D. Ariz. 2018).

Second, the Court also lacks jurisdiction under 8 U.S.C. § 1252(g), which was enacted in 1996 as part of the Illegal Immigration Reform and Immigrant Responsibility Act. Section 1252(g) provides, in relevant part, that "[e]xcept as provided in this section . . . , no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." Although Petitioner seeks to evade this provision by stating that "[h]is claim is a 'collateral legal and constitutional challenge[]' to ICE's legal authority" (Doc. 2 at 6), the questions presented in Grounds One and Two of the Petition fundamentally arise from Respondents' decision to pursue Petitioner's removal. As a result, these claims are barred by 8 U.S.C. § 1252(g). *See, e.g., Ma*, 860 F. Supp. 2d at 1056-60 ("[R]equesting a stay of the execution of the BIA's removal

order . . . falls within the ambit of section 1252(g) . . . [because it] is connected 'directly and immediately' to a 'decision or action' by the Attorney General to execute a removal order. . . . Section 1252(g) provides a vice-like grip on the outcome of this case."). *See also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (suggesting that an alien's "claim that the Attorney General should have exercised discretion to delay his removal" would be barred by § 1252(g)); *Garcia-Herrera v. Asher*, 585 Fed. Appx. 439, 440 (9th Cir. 2014) ("Garcia-Herrera argues that . . . he is not challenging the merits of the underlying removal order. Rather, he challenges ICE's decision not to delay his removal pending the adjudication of his application for relief under DACA. However, by his own formulation, this constitutes a challenge to ICE's decision to execute a removal order. Therefore, the district court properly dismissed his habeas petition for lack of jurisdiction under 8 U.S.C. § 1252(g)."). These claims are not independent of, or collateral to, Respondents' decision to pursue removal. *Cf. United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004) (§ 1252(g) does not bar consideration of "a purely legal question that does not challenge the Attorney General's discretionary authority, even if the answer to that legal question . . . forms the backdrop against which the Attorney General will later exercise discretionary authority").

Finally, even if the Court had jurisdiction, Petitioner's removal-related claims would fail on the merits. To be clear, *Petitioner* hasn't filed a T-Visa application. The only such application was filed by Petitioner's *spouse*. Thus, the principal case on which Petitioner relies, *Fatty v. Nielsen*, 2018 WL 3491278 (W.D. Wash. 2018), is distinguishable. There, the T-Visa application had been filed by the habeas petitioner, and the *Fatty* court concluded the petitioner therefore had a due process-based right to stay his removal pending the adjudication of his application, because "physical presence in the United States is a condition of eligibility, [so] his T visa cannot be granted once he is removed." *Id.* at *3. Here, in contrast, Petitioner's spouse is not facing imminent removal (or, at least, the Petition does not allege she is facing imminent removal), so it's possible

his spouse's T-Visa application will succeed (and Petitioner will be granted status as a beneficiary of the applicant) even after he is removed.[2]

### C.  Ground Three

Petitioner's challenge to his continued detention in Ground Three fails to present a colorable claim.  Petitioner merely alleges that his continued detention violates "due process and the [I]mmigration and [N]ationality [A]ct."  He does not articulate any reasoning or provide any factual support for this claim.[3]  Accordingly, Petitioner fails to state a cognizable or colorable claim for habeas corpus review under § 2241.

### D.  Relief Under 28 U.S.C. § 1361

The Mandamus Act, 28 U.S.C. § 1361, grants district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff."  "Mandamus is an extraordinary remedy granted in the court's sound discretion." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (citation omitted).  To obtain mandamus relief, a petitioner must show: (1) the petitioner has a clear and certain claim; (2) the respondent has a non-discretionary, ministerial duty, which is so plain as to be free from doubt; and (3) the petitioner does not have an adequate available remedy. *Id.* at 1153.

Petitioner requests a writ of mandamus compelling Respondents to make an individualized determination as to whether he should be granted a derivative T-visa prior to his removal.  Petitioner, however, has not alleged any facts to support that USCIS has a "clear nondiscretionary duty" to adjudicate a T-visa application before an applicant is removed, *Heckler v. Ringer*, 466 U.S. 602, 616 (1984), or that USCIS owes such a duty

---

[2]  Petitioner's argument that § 1252(g) violates the Suspension Clause as applied to him because it "would deprive him of his habeas claim and leave him without a forum to challenge the Executive's legal authority to remove him before the adjudication of his applications for a T-Visa, which was designed to protect victims of human trafficking from deportation," is similarly without merit.  Petitioner does not claim he is a victim of human trafficking and he has not filed an application for a T-visa that would be denied if he were removed from the United States.

[3]  Nor is it clear that Petitioner is, in fact, currently detained. *See* ICE Online Detainee Locator System, https://locator.ice.gov (last accessed Sept. 9, 2019).

with respect to Petitioner.  Petitioner therefore fails to state a colorable claim for relief under § 1361.

### E.    Review Under 5 U.S.C. § 702

The APA authorizes "[a] person suffering legal wrong because of agency decision, or adversely affected or aggrieved by agency action" to seek judicial review of the agency action.  5 U.S.C. § 702.  "[A]gency action" is defined to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."  5 U.S.C. § 551(13).  Where an agency has failed to act within the meaning of the APA, a court may compel the "agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

Petitioner has not identified the specific agency action that he seeks to challenge under the APA.  He does not point to any final determination by USCIS that is subject to review under 5 U.S.C. § 704, nor does he claim that USCIS has unlawfully denied or unreasonably delayed an "individualized determination" on an application under § 706. *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take"); *Mamigonian v. Biggs*, 710 F.3d 936, 941-42 (9th Cir. 2013).  To the extent Petitioner may seek review of ICE's decision to remove him or deny his application to stay his removal, those claims are barred from review for the reasons discussed above.  *See* 5 U.S.C. § 701(a)(1) (incorporating other jurisdiction-stripping statutes as a limit on APA claims).  As such, Petitioner fails to state a cognizable claim under the APA.

### F.    Conclusion

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, foll. 28 U.S.C. § 2254.[4]  *See also Clayton v.*

---

[4]    The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas proceedings under § 2241.  *See* Rule 1(b), foll. 28 U.S.C. § 2254.

*Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions … are instructed to summarily dismiss claims that are clearly not cognizable."); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

Here, Petitioner has failed to present cognizable or colorable grounds for relief. Thus, the Court will dismiss the Petition and deny, as moot, the Motion for Temporary Restraining Order.

\*\*\*

**IT IS ORDERED:**

(1)    Petitioner's Petition for Writs of Habeas Corpus; Writ of Mandamus, and Review of Final Agency Action (Doc. 1) is **denied** and this action is **dismissed**.

(2)    Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied as moot**.

(3)    The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 11th day of September, 2019.

_____
Dominic W. Lanza
United States District Judge